FILED
**Jun 03, 2020**
**01:16 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Katie Gray | ) | Docket No. 2020-08-0198 |
| | ) | |
| v. | ) | State File No. 6095-2019 |
| | ) | |
| Conagra Foods Packaged | ) | |
| Foods Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

The employee sustained a work-related injury to her right ring finger and developed complications in her hand. She was subsequently diagnosed with complex regional pain syndrome in her right upper extremity. After she reached maximum medical improvement, her authorized treating physician assigned a permanent medical impairment rating. The employer then retained a physician to review medical records and express an opinion regarding the employee's permanent medical impairment. Thereafter, because the opinions of the two rating physicians differed, the employer requested an impairment evaluation through the Bureau of Workers' Compensation's Medical Impairment Rating Registry ("MIRR"). The employee moved to quash the employer's request for an MIRR evaluation, contending that a medical records review is an insufficient basis to support the existence of a dispute concerning the medical impairment rating. The trial court concluded there was no legal basis to quash the employer's request for an MIRR evaluation and denied the employee's motion. The employee has appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Jonathan L. May, Memphis, Tennessee, for the employee-appellant, Katie Gray

Allen Callison, Memphis, Tennessee, for the employer-appellee, Conagra Foods Packaged Foods Co., Inc.

**Memorandum Opinion[1]**

The facts of this case are undisputed for purposes of this interlocutory appeal. On September 10, 2018, while working as a machine operator for Conagra Foods Packaged Foods Co., Inc. ("Employer"), at its facility in Shelby County, Tennessee, Katie Gray ("Employee") suffered an injury to her right ring finger. She received authorized medical care from Dr. Dan Fletcher, an orthopedic physician at OrthoSouth. During the course of her treatment, Employee suffered from complications described as "multiple contractures to the right hand." Thereafter, she was diagnosed with complex regional pain syndrome in her right upper extremity.

On October 22, 2019, Dr. Fletcher referred Employee to Southern Hand Centers for an impairment evaluation. In the impairment report, the therapist noted that "the [range-of-motion] model [of the *AMA Guides to the Evaluation of Permanent Impairment*] gave the most favorable impairment rating for the patient." The therapist calculated a rating of 13% using the range-of-motion model. In a November 6, 2019 report, Dr. Fletcher, after reviewing the therapist's report, stated he was "in agreement with the permanent work restrictions as well as her overall impairment rating."

Thereafter, Employer retained Dr. David West, an osteopathic physician at West Sports Medicine and Orthopedics, LLC, to complete a review of Employee's medical records and offer an opinion as to the extent of Employee's permanent medical impairment. In his January 18, 2020 report, Dr. West took issue with the method used by the therapist to assess Employee's permanent medical impairment, which had been adopted by Dr. Fletcher. Dr. West explained that, in his opinion, it was inappropriate to use the range-of-motion model to calculate impairment because Employee "has reached three, possibly four, points in the complex regional pain rating system." He concluded it was most appropriate to place Employee in Class I impairment for complex regional pain syndrome, which resulted in a medical impairment rating of 4%.

On February 18, 2020, Employer requested another impairment evaluation through the Bureau of Workers' Compensation's Medical Impairment Rating Registry ("MIRR"), which allows such an evaluation in circumstances where there is a "dispute [as to] the degree of medical impairment." Employee objected and sought to quash Employer's application for an MIRR evaluation, arguing that, by retaining Dr. West, Employer had manufactured a dispute as to the degree of permanent medical impairment to trigger its right to seek an MIRR evaluation. Employee further argued that allowing Employer to create a dispute as to the extent of Employee's permanent impairment in order to obtain an opinion from an MIRR evaluator was "unfair" under these circumstances because the

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

statutory presumption of the correctness of the MIRR evaluator's opinion "trumps" the treating physician's opinion of Employee's permanent impairment rating.[2]

In response, Employer asserted that its medical expert raised legitimate concerns regarding the method used by the therapist and adopted by Dr. Fletcher to arrive at an impairment rating. It further argued that this is exactly the kind of case that the provisions of the MIRR Program were intended to address. The trial court concluded there was no legal basis for Employee to object to the MIRR evaluation and denied Employee's motion to quash. Employee has appealed.

The MIRR Program is controlled by Tennessee Compilation Rules and Regulations, chapter 0800-02-20, which provides that the registry "is available to any party with a dispute [as to] the degree of medical impairment." Tenn. Comp. R. & Regs. 0800-02-20-.02(2) (2018). A "dispute of degree of medical impairment" is defined to include circumstances in which "at least two different physicians have issued differing permanent medical impairment ratings in compliance with the Act and the parties disagree as to those impairment ratings." Tenn. Comp. R. & Regs. 0800-02-20-.01(7)(a). Moreover, the regulations governing the MIRR Program define the term "physician" to mean "a person currently licensed in good standing to practice as a doctor of medicine or doctor of osteopathy." Tenn. Comp. R. & Regs. 0800-02-20-.01(14).

The Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has addressed a similar factual scenario. In *Williams v. Ajax Turner Co.*, No. M2016-00638-SC-R3-WC, 2017 Tenn. LEXIS 204 (Tenn. Workers' Comp. Panel Apr. 12, 2017), the employee alleged a work-related left foot injury. *Id.* at *1. The authorized treating physician assigned a permanent impairment rating, and the employer retained a second physician to complete a medical records review and offer an opinion concerning the impairment rating. *Id.* Thereafter, the employer sought an MIRR evaluation. *Id.* at *1-2.

In addressing the issues on appeal, the Appeals Panel first noted that "Employee contends Employer created a 'dispute' by hiring Dr. Gaw." *Id.* at *12. Employee argued that only an injured worker, not an employer, should be able to seek a second opinion on the issue of impairment. *Id.* In response, the Appeals Panel explained that the statute allows "*either party* [to] request an independent medical examiner from the [MIRR]" when

---

[2] Although Employee does not develop this argument in her brief, it appears to be grounded in the statutory provisions addressing the presumptions applicable to the accuracy of the treating physician's and the MIRR evaluator's impairment ratings. Tennessee Code Annotated section 50-6-204(k)(7) provides that "[t]he treating physician's . . . written opinion of the injured employee's permanent impairment rating shall be presumed to be the correct impairment rating," and that "[t]his presumption shall be rebuttable by the presentation of contrary evidence that satisfies a preponderance of the evidence standard." By contrast, section 50-6-204(d)(5) provides that "[t]he written opinion as to the permanent impairment rating given by the [MIRR evaluator] . . . shall be presumed to be the accurate impairment rating; provided, however, that this presumption may be rebutted by *clear and convincing evidence* to the contrary." (Emphasis added.)

a dispute exists as to the degree of medical impairment. *Id.* at *13 (emphasis in original). After reviewing the applicable regulations, the Appeals Panel concluded, "[w]e find no support for Employee's position in the statute, the rules, or any judicial decisions." *Id.* at *13-14.[3]

We conclude the trial court did not err in analyzing this issue. Nothing in the statute or regulations prevents either party from obtaining a second opinion on the issue of permanent medical impairment. Likewise, nothing in the statute or regulations prohibits either party from seeking that opinion based on a review of medical records. Either party can then seek an MIRR evaluation if a dispute as to the degree of permanent medical impairment exists. If there are broader policy considerations impacting the construction or application of the MIRR Program, those concerns should be presented to the General Assembly. Therefore, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.

---

[3] Although the chapter of the regulations governing the MIRR was amended in May 2018, the MIRR regulations at issue in this case have not changed significantly since the release of the Appeal Panel's decision in *Williams*.



| Katie Gray | ) | Docket No. 2020-08-0198 |
| | ) | |
| v. | ) | State File No. 6095-2019 |
| | ) | |
| Conagra Foods Packaged | ) | |
| Foods Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of June, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jonathan L. May | | | | X | jmay@forthepeople.com |
| Allen Callison | | | | X | allen.callison@mgclaw.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov